USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 7/21/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        - v. -                    :          (S10) 98 Cr. 1023 (LAK)

AHMED KHALFAN GHAILANI,           :

                Defendant.        :

- - - - - - - - - - - - - - - - x

## MODIFIED PROTECTIVE ORDER
## PERTAINING TO CLASSIFIED INFORMATION

This matter comes before the Court upon the Government's
Motion for a Modified Protective Order pursuant to Section 3 of
the Classified Information Procedures Act ("CIPA"), 18 U.S.C.
App. 3 § 3, to protect against the disclosure in this case of any
classified information disclosed by the Government to, or
otherwise in the possession of, the Defendant or the Defense.

Pursuant to the authority granted under Sections 3 and 9 of
CIPA, the Security Procedures Established Pursuant to Pub. L. No.
96-456, 94 Stat. 2025, by the Chief Justice of the United States
for the Protection of Classified Information (reprinted following
CIPA § 9), Rules 16(d) and 57 of the Federal Rules of Criminal
Procedure, and the general supervisory authority of the Court,
and to protect the national security, the following Modified
Protective Order is entered.

### General Provisions

1.    The Court finds that this case will involve information
that has been currently in the interest of national security of

the United States pursuant to Executive Order 12958, as amended.[1]
The storage, handling and control of this information will
require special security precautions mandated by statute,
executive order, and regulation, and access to which requires the
appropriate security clearances, and a "need to know"
determination pursuant to Executive Order 12958.

2. The purpose of this Order is to establish procedures
that must be followed by the Defense and the Government, and any
other person who comes into possession of classified information
as a result of their participation in this case. These
procedures will apply to all pretrial, trial, post-trial, and
appellate matters concerning classified information, and may be
modified from time to time by further order of the Court acting
under its inherent supervisory authority to ensure a fair and
expeditious trial.

## Definitions

3. The following definitions shall apply to this Order:

a. The term "Defense" shall mean any counsel for the
defendant, employees or contractors of counsel for the Defendant
(including, without limitation, investigators, paralegals,

---

[1] Executive Order 12958 was amended by Executive Order 13292.
See E.O. No. 13292, 68 Fed. Reg. 15315 (Mar., 28, 2003). All
citations to E.O. 12958 are to that Executive Order as amended by
E.O. 13292. See E.O. 12958, 3 C.F.R. 333 (1995), reprinted as
amended in 50 U.S.C.A. § 435, note at 180 (Supp. 2007).

experts and translators), and any witnesses for the Defendant so authorized by the Court.

     b.    The term "classified information" shall include:

     (i) Any document or information contained therein, which has been classified by any executive agency in the interests of national security pursuant to Executive Order 12958, as amended, or its predecessor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

     (ii) Any document or information that is currently properly classified, as set forth in (i), and that has been approved by the Government or the Court for release to the Defendant. All classified information that is approved for release to the Defendant will contain an appropriate classification marking and will be marked "Releasable to Ghailani";

     (iii) Any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States Government that was classified, and (B) has subsequently been classified by the United States pursuant to executive order as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as SCI;

     (iv) Any document or information that the Defense knows or reasonably should know contains classified information,

-3-

including information acquired or conveyed orally;

(v) Any information, regardless of place of origin, to include "foreign government information" as that term in defined in Executive Order 12958, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters; and

(vi) Any document or information as to which the Defense has been notified orally or in writing contains classified information, including but not limited to the following four areas of classified information, which may be at issue in this case, and for which the Defense has received notice of its classified nature:

(a) Information that would reveal or tend to reveal the foreign countries in which the Defendant was held from on or about July 25, 2004 through September 6, 2006;

(b) The names, identities, and physical descriptions of any officers responsible for the capture, transfer, detention, or interrogation of the Defendant from on or about July 25, 2004 through June 9, 2009;

(c) The Enhanced Interrogation Techniques that were applied to the Defendant from on or about July 25, 2004 through September 6, 2006, including descriptions of the techniques as applied, the duration, frequency, sequencing, and limitations of those techniques; and

(d)     Descriptions of the Defendant's
conditions of confinement from on or about July 25, 2004 through
June 9, 2009.

c.     The terms "document" and "information" shall
include, but are not limited to, all written, printed, visual or
audible matter of any kind, formal or informal, including
originals, conforming copies, and non-conforming copies (whether
different from the original by reason of notation made on such
copies or otherwise).  The terms "document" and "information"
shall also include without limitation, notes (handwritten, oral,
or electronic); letters; correspondence; memoranda; reports;
summaries; photographs; maps; charts; graphs; inter-office
communications; notations of any sort concerning conversations,
meetings or other communications; bulletins; teletypes;
telecopies; telegrams; telexes; cables; facsimiles; invoices;
worksheets and drafts; microfiche; microfilm; videotapes; sound
recordings of any kind; motion pictures; electronic, mechanical
or electric records of any kind, including but not limited to
tapes, cassettes, disks, recordings, films, typewriter ribbons,
word processing or other computer tapes, disks, or thumb drives
and all manner of electronic data processing storage; and
alterations, modifications, changes and amendments of any kind to
the foregoing.  In addition, the term "information" shall include
without limitation observations and experiences of the Defendant

with respect to matters set forth in subparagraphs (3)(b)(vi)(a)-(d), above.

d. The term "access to classified information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

e. The term "Secure Area" shall mean a sensitive compartmented information facility ("SCIF") accredited by a Court Security Officer for the storage, handling, and control of classified information.

**Classified Information, General Provisions**

4. All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been "declassified" by the agency or department that originated the document or information contained therein ("originating agency").

5. Any classified information provided to the Defense by the Government is to be used solely by the Defense and solely for the purpose of preparing the defense. The Defense may not disclose or cause to be disclosed in connection with this case any information known or reasonably believed to be classified information except as otherwise provided herein.

a. The Defense may not disclose classified information to the Defendant unless that same information has been previously provided to the Defense by the Defendant. The

-6-

Defense may not confirm or deny to the Defendant the assertions made by the Defendant based on knowledge the Defense may have obtained from classified information, except where that classified information has been provided to the Defendant.

b. The Defense shall not disclose classified information to any person, except to the Court, Government personnel who hold appropriate security clearances and have been determined to have a need to know that information, and those authorized pursuant to this Order.

c. Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of an official statement by a U.S. Government Executive Branch official who is authorized to declassify the information. Individuals who by virtue of this Order or any other court order are granted access to classified information may not confirm or deny classified information that appears in the public domain. Prior to any attempt by the Defense to have such information confirmed or denied at trial or in any public proceeding in this case, the Defense must comply with the notification requirements of Section 5 of CIPA and all provisions of this Order.

d. In the event that classified information enters the public domain, the Defense is precluded from making private or public statements where the statements would reveal personal

knowledge from non-public sources regarding the classified status
of the information, or would disclose that the Defense had
personal access to classified information confirming,
contradicting, or otherwise relating to the information already
in the public domain. The Defense is not precluded from citing
or repeating information in the public domain that counsel does
not know or have reason to believe to be classified information,
or derived from classified information.

## Security Procedures

6. In accordance with the provisions of CIPA and the
security procedures promulgated by the Chief Justice of the
United States pursuant to that Act, this Court designates Michael
P. Macisso as Court Security Officer("CSO") and Joan B. Kennedy,
Christine E. Gunning, James P. Londergan, Barbara J. Russell,
Nathaniel Johnson, Miguel Ferrer, Jennifer H. Campbell, Daniel O.
Hartenstine, Charline Dasilva, and Erin Hogarty as alternate CSOs
for this case,. for the purpose of providing security arrangements
necessary to protect against unauthorized disclosure any
classified information that has been made available to the
Defense in connection with this case. The Defense shall seek
guidance from the CSO with regard to appropriate storage,
handling, transmittal, and use of classified information.

7. The Court has been advised, through the CSO, that the
Assistant United States Attorneys David Raskin, Leslie C. Brown,

and Nicholas J. Lewin (collectively, "Counsel for the Government"), as well as certain other Department of Justice employees, have the requisite security clearances allowing them to have access to the classified information that relates to this case.

8.    No Defendant or representative of the Defense shall have access to classified information at issue in this case unless the person shall first have:

a.    Received from the CSO the appropriate security clearance for the level of the classified information involved in this case;

b.    A "need to know" the classified information at issue in this proceeding; and

c.    Signed the Memorandum of Understanding in the form attached hereto agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court.    The substitution, departure, or removal for any reason from this case, of counsel for the Defendant or any other member of the Defense, shall not release that individual from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.[2]

---

[2] The sole exception to the requirements set forth in this paragraph is that, pending receipt of the necessary security clearances, defense counsel Gregory E. Cooper, Esq., Peter Enrique Quijano, Esq., and Michael K. Bachrach, Esq., shall be permitted access to classified information known to the Defendant

-9-

9. Pursuant to Section 4 of the security procedures promulgated pursuant to CIPA, no court personnel (except for the Judge) required by this Court for its assistance shall have access to classified information involved in this case unless that person shall first has received the necessary security clearance as determined by the CSO.

10. Standard Form 86, "Questionnaire for National Security Positions," attached releases, and full fingerprints shall be completed and submitted to the CSO forthwith by all defense counsel not otherwise already cleared, all persons whose assistance the defense reasonably requires, and by such courtroom personnel as the Court requires for its assistance. The CSO shall undertake all reasonable steps to process all security clearance applications in accordance with applicable regulations.

11. Prior security clearance and a "need to know" as determined by any government entity as applying to one person does not automatically give that person the authority to disclose any classified information to any other individual, even if that individual also has a security clearance. By way of example, but not limitation, defense counsel with appropriate clearances and a

---

by virtue of his observations and experiences, as described in subparagraphs (3)(b)(vi)(a)-(d). The Government agrees to this exception based on counsel's commitment to abide by the Special Administrative Measures; the Government's expectation that counsel will soon receive security clearances; and to promote effective representation of the Defendant.

need to know, as determined by the government, are not authorized to discuss or otherwise disclose such classified information with an uncleared defendant absent approval of the Court or written permission of the Government.

12. *Secure Area for the Defense.* The CSO shall arrange for an approved Secure Area for use by the Defense. The CSO shall establish procedures to assure that the Secure Area is accessible during business hours to the Defense, and at other times upon reasonable request as approved by the CSO. The Secure Area shall contain a separate working area for the Defense and will be outfitted with any secure office equipment requested by the Defense that is reasonable and necessary to the preparation of the defense. The CSO, in consultation with counsel for the Defendant, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No classified documents may be removed from the Secure Area unless so authorized by the CSO with notice provided to the Court. The CSO shall not reveal to the Government the content of any conversations he may hear among the Defense, nor reveal the nature of the documents being reviewed, or the work being generated. The presence of the CSO shall not operate to render inapplicable the attorney-client privilege.

13. *Filing of Papers by the Defense.* Any pleading or other

-11-

document filed by the Defense that counsel for the Defendant knows or reasonably should know contains classified information as defined in paragraph 3(b), shall be filed under seal with the Court Security Officer or a designee and shall be marked, "Filed in Camera and Under Seal with the Court Security Officer." The time of physical submission to the CSO (or alternate CSO designated by the CSO) shall be considered the date and time of filing. The CSO shall promptly examine the pleading or document and, in consultation with representatives of the appropriate departments or agencies, determine whether the pleading or document contains classified information. If it is determined that the pleading or document contains classified information, the CSO shall ensure that the relevant portion of the document, and only that portion, is marked with the appropriate classification marking and remains under seal. All portions of all paper filed by the Defense that do not contain classified information shall be immediately unsealed by the CSO and placed in the public record. The CSO shall immediately deliver under seal to the Court and Counsel for the Government any pleading or document to be filed by the Defense that contains classified information, unless the pleading or document is an ex parte filing. The Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, if the title itself would not tend to reveal classified information, the date

it was filed, and the fact that it has been filed under seal with the CSO.

14. *Filing of Papers by the Government*. Only the portions of pleadings or documents filed by the Government that contain classified information shall be filed under seal with the Court through the CSO. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Court Security Officer." The time of physical submission to the CSO (or designee) shall be considered the date and time of filing. The CSO shall immediately deliver under seal to the Court and counsel for the Defendant any pleading or document to be filed by the Government that contains classified information, unless the pleading or document is an ex parte filing. The Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, if the title itself would not tend to reveal classified information, the date it was filed, and the fact that it has been filed under seal with the CSO.

15. *Record and Maintenance of Classified Filings*. The CSO shall maintain a separate sealed record for those materials which are classified. The CSO shall be responsible for the maintaining of the secured records for purposes of later proceedings or appeal.

16. *The Classified Information Procedures Act*. Procedures for public disclosure of classified information in this case

shall be those established by CIPA. The Defense shall comply
with the requirements of CIPA Section 5 prior to any disclosure
of classified information during any proceeding in this case.  As
set forth in Section 5, the Defense shall not disclose any
information known or believed to be classified in connection with
any proceeding until notice has been given to Counsel for the
Government and until the Government has been afforded a
reasonable opportunity to seek a determination pursuant to the
procedures set forth in CIPA Section 6, and until the time for
the Government to appeal such determination under CIPA Section 7
has expired or any appeal under Section 7 by the Government is
decided.  Pretrial conferences involving classified information
shall be conducted in camera in the interest of national
security, be attended only by persons with access to classified
information and a need to know, and the transcripts of such
proceedings shall be maintained under seal.

17. *Access to Classified Information.*  In the interest of
the national security, representatives of the Defense granted
access to classified information shall have access to classified
information only as follows:

a. All classified information produced by the
Government to counsel for the Defendant in discovery or
otherwise, and all classified information possessed, created or
maintained by the Defense, including notes and any other work

-14-

product, shall be stored, maintained and used only in the Secure Area established by the CSO.

     b.    The Defense shall have free access to the classified information made available to them in the Secure Area established by the CSO and shall be allowed to take notes and prepare documents with respect to those materials.

     c.    No representative of the Defense (including, but not limited to, counsel, investigators, paralegals, translators, experts and witnesses) shall copy or reproduce any classified information in any manner or form, except with the approval of the CSO or in accordance with the procedures established by the CSO for the operation of the Secure Area.

     d.    All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in the Secure Area on word processing equipment approved by the CSO. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the Secure Area unless and until the CSO determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the Government or any other party.

e.   The Defense shall discuss classified information only within the Secure Area or in an area authorized by the CSO.

f.   The Defense shall not disclose, without prior approval of the Court, classified information to any person not named in this Order except the Court, Court personnel, and Government personnel identified by the CSO as having the appropriate clearances and the need to know. Counsel for the Government shall be given an opportunity to be heard in response to any Defense request for disclosure to a person not identified in this Order. Any person approved by the Court for access to classified information under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to the Order, and to comply with all the terms and conditions of the Order. If preparation of the defense requires that classified information be disclosed to persons not identified in this Order, the Department of Justice shall promptly seek to obtain security clearances for them at the request of counsel for the Defendant.

g.   The Defense shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the Internet, or in the presence of any person who has not been granted access to classified information by the Court.

h.   Any documents written by the Defense that do or

-16-

may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i.    The Defense shall not disclose classified information to the Defendant -- other than materials marked "Releasable to Ghailani" -- absent leave of this Court or written permission of the Government.  Counsel for the Government shall be given an opportunity to be heard in response to any Defense request for disclosure to the Defendant of such classified information.

18.  Any unauthorized disclosure of classified information may constitute violations of United States criminal laws.  In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution.  Any breach of this Order may also result in termination of an individual's access to classified information.  Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests

of the United States. The purpose of this Order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency and in conformance with this Order.

19. All classified documents and information to which the Defense has access in this case are now and will remain the property of the United States. Upon demand of the CSO, these persons shall return to the CSO all classified information in their possession obtained through discovery from the Government in this case, or for which they are responsible because of access to classified information. The notes, summaries and other documents prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the CSO for the duration of the case. At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the CSO in the presence of counsel for the Defendant.

20. Nothing contained in this Order shall be construed as a waiver of any right of the Defendant. No admission made by the Defendant or his counsel during pretrial conferences may be used against the Defendant unless it is in writing and signed by the Defendant. See CIPA § 2.

21. A copy of this Order shall be issued forthwith to counsel for the Defendant who shall be responsible for advising the Defendant and representatives of the Defense of this Order. Counsel for the Defendant, and any other representatives of the Defense who will be provided access to the classified information, shall execute the Memorandum of Understanding described in paragraph 8 of this Order, and counsel for the Defendant shall file executed originals of such documents with the Court and the CSO and serve an executed original upon the Government. The execution and filing of the Memorandum of Understanding is a condition precedent for counsel for the Defendant and any other representative of the Defense to have access to classified information.

Dated:     New York, New York
           July 21, 2009

SO ORDERED:

HON. LEWIS A. KAPLAN
United States District Judge
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                          :          (S10) 98 Cr. 1023 (LAK)

AHMED KHALFAN GHAILANI,            :

         Defendant.     :

- - - - - - - - - - - - - - - - x

## MEMORANDUM OF UNDERSTANDING REGARDING RECEIPT OF CLASSIFIED INFORMATION

Having familiarized myself with the applicable statutes,
regulations, and orders, related to, but not limited to, Title 18
United States Code, including unauthorized disclosure of
classified information, espionage and related offenses; The
Intelligence Agents Identities Protection Act, Title 50 U.S.C.
Section 421;; Title 18 U.S.C. Section 641; Title 50 U.S.C.
Section 783; 28 C.F.R. 17 et seq., and Executive Order 12356; I
understand that I may be the recipient of information and
documents that concern the present and future security of the
United States and belong to the United States, and that such
documents and information together with the methods and sources
of collecting it are classified by the United States Government.
In consideration for the disclosure of classified information and
documents:

(1)     I agree that I shall never divulge, publish, or
reveal either by word, conduct or any other means, such
classified documents and information unless specifically

authorized in writing to do so by an authorized representative of the United States Government; or as expressly authorized by the Court pursuant to the Classified Information Procedures Act and the Protective Order entered in the case of United States v. Ahmed Khalfan Ghailani, (S10) 98 Cr. 1023 (LAK), Southern District of New York.

(2) I agree that this Memorandum and any other non-disclosure agreement signed by me will remain forever binding on me.

(3) I have received, read, and understand the Protective Order entered by the United States District Court for the Southern District of New York on _____, 2009, in the case of United States v. Ahmed Khalfan Ghailani, (S10) 98 Cr. 1023 (LAK), relating to classified information, and I agree to comply with the provisions thereof.

_____          _____
Court Security Officer                      Date


_____          _____
Gregory E. Cooper, Esq.                     Date
Counsel for Ahmed Khalfan Ghailani


_____          _____
Peter Enrique Quijano, Esq.                 Date
Counsel for Ahmed Khalfan Ghailani