UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA : | AFFIRMATION |
| -against- : | |
| Hage, et al., include. : | 98 Cr. 1023 (LAK) |
| AHMED KHALFAN GAHAILANI : | |
| Defendant : | |

---

| | |
|---|---|
| AHMED KHALFAN GHAILANI : | |
| Petitioner : | |
| -against- : | |
| ROBERT M. GATES, SECRETARY OF DEFENSE, : | |
| Respondent : | |

---

STATE OF NEW YORK    ))
COUNTY OF NEW YORK ))

GREGORY COOPER affirms and states under penalty of perjury:

1. That I am an attorney admitted to practice before this Court and the Courts of the State of New York. I submit this affirmation in support of the application of AHMED GHAILANI seeking a temporary injunction against the Defense Department enjoining the termination of Colonel Jeffrey Colwell and Major Richard Reiter as his lawyers, and a final order from this Court, directing the Defense Department to allow these same individuals to act as Mr. Ghailani's counsel until the final resolution of his case.

2. That Mr. Ghailani, based upon information and belief, was transferred from a "black site" location to the United States Detention Facility for "enemy combatants" at Guantanamo Bay in September 2006.

3. That at the time of this action Mr. Ghailani was already facing criminal charges before this Court pursuant to Southern District Indictment. Regardless, Mr. Ghailani was not represented by counsel, either civilian or military at that time.

4. That in August 2008, while charges were now pending as well before the Military Commission at Guantanamo, Colonel Jeffrey Colwell and Major Richard Reiter were designated by the Department of Defense to represent Mr. Ghailani.

5. That such representation has continued unabated to the present day.

6. That on June 9, 2009, Mr. Ghailani was presented for arraignment before the Honorable Loretta Preska in the Southern District of New York. At that time both Colonel Colwell and Major Reiter were present in the court, as well as a Mr. Scott Fenstermaker who appeared as counsel for Mr. Ghailani.

7. That I am an attorney designated pursuant to the Criminal Justice Act to represent individual indigent accused before this Court. In that capacity I was contacted by the Honorable Lewis Kaplan on June 16, 2009 and assigned to represent Mr. Ghailani as lead counsel. At that time, while I was present in Court, I was made aware that Mr. Ghailani wished to have both Colonel Colwell and Major Reiter continue to represent him as counsel. I heard the Court express its view that it believed the Department of Defense would allow both officers to continue to represent Mr. Ghailani.

8. That shortly after my appointment, I met with Colonel Colwell and Major Reiter, neither of whom I had ever had contact or knowledge of before, to discuss Mr. Ghailani's case. Their knowledge of the case, dedication to representation of Mr. Ghailani, and legal acumen were obvious at this meeting.

9. The following day I went to visit Mr. Ghailani at his place of confinement on 10 South at the Metropolitan Correctional Center on Park Row in Manhattan. I was accompanied by both officers to this meeting. Were it not for their presence and the relationship of trust and respect that they had developed with Mr. Ghailani, I would not be representing Mr. Ghailani any further before this Court, nor would any other assigned attorney.

10. The Government required that any meetings with Mr. Ghailani must be conducted pursuant to an agreement signed by counsel (the SAMS). It was only through the intercession of the two officers that Mr. Ghailani was willing to accept representation by any lawyer (including me) who had signed off on the document.

11. That on June 19, 2009 I was made aware that the Honorable Jeh Johnson, General Counsel to the Department of Defense, had ruled that both Colonel Colwell and Major Reiter were not permitted to serve as counsel for Mr. Ghailani and that their participation in the defense was to terminate on October 19, 2009.

12. That in response to this directive I personally wrote to Mr. Johnson asking him to re-consider his ruling. I submitted a further letter, not having had a response from Mr. Johnson, on August 13, 2009 again renewing my plea. In these letters I attempted only to respond to the reasoning of Mr. Johnson in his denial, hopeful that by doing so the

ultimate goal of allowing Colonel Colwell and Major Reiter to continue to represent Mr. Ghailani could be met.

13. I learned, subsequent to my second letter, that the defendant himself had written Mr. Johnson requesting that the officers, with whom he had developed such a strong relationship, be allowed to continue as his lawyers.

14. On September 1, 2009, while in Washington D.C. on other matters related to this case, I made a number of phone calls to Mr. Johnson's office seeking the opportunity to personally put forth the case for the continued roles of Colonel Colwell and Major Reiter in the defense of Mr. Ghailani. At approximately 4:15 that afternoon, accompanied by Colonel Colwell and Major Reiter, I met with Mr. Johnson's military assistant, Colonel William Gade. This meeting lasted for somewhere between 15-30 minutes.

15. I subsequently received a reply to my previous correspondence from Mr. Johnson, **dated September 1, 2009** denying the request of both myself and Mr. Ghailani to allow the continued participation of Colonel Colwell and Major Reiter in the defense of Mr. Ghailani.

16. The uniqueness of the attorney –client relationship that has developed between Mr. Ghailani and his military lawyers is self evident to anyone who observes it. This trust extends to Mr. Ghailani's family members. As a result the ability to investigate the case and prepare all aspects of the defense is substantially enhanced because of this relationship.

17. Mr. Ghailani has made it very clear, not only in open court, but in other ways as well, that he strongly desires that Colonel Colwell and Major Reiter be allowed to continue as his attorneys. As counsel assigned to him by this Court to lead his defense to the charges in the indictment I would endorse that request. This statement is not a reflection on my ability to communicate with Mr. Ghailani or effectively defend him. It rather reflects an understanding that Mr. Ghailani, facing such serious allegations, in such a unique case, should not be deprived of the right to be defended by those lawyers that the Government provided to him, urged him to develop a trusting and full relationship with, which he did, and then yanked the "rug" out from under Mr. Ghailani by precluding this representation merely because the charges were transferred from the military commission to the forum that they were originally brought in. A basic sense of justice and fair play would certainly call out for preventing such an action. I am prepared to continue to work with them on the defense of this case, if they and Mr. Ghailani so wish it, and this Court allows it.

18. On October 19, 2009 Colonel Colwell and Major Reiter, in the words of the Honorable Lewis Kaplan, are scheduled to "turn into pumpkins and leave the ball." On that same day the defense is directed to file with the Court a motion of substantial import and believed merit, a Motion Requesting the Court to Dismiss the Indictment against Mr. Ghailani because of the denial to him of his Right to a Speedy Trial. The Court has further fixed dates for the Government response, the defendant's reply brief, and an evidentiary hearing if necessary. This is a critical piece of litigation, and the removal of Colonel Colwell and Major Reiter from participating in all of its aspects would be highly damaging to Mr. Ghailani and violative of his Constitutional Rights. It is for that

reason the defendant requests this Court issue the temporary injunctive relief barring the defense Department from "turning Colonel Colwell and Major Reiter into pumpkins" on that date.

19. The defendant then further requests that this Court issue a permanent order enjoining the Department of Defense from removing Colonel Colwell and Major Reiter from representing Ahmed Ghailani before this Court and allowing them to continue as counsel for Mr. Ghailani.

WHEREFORE it is respectfully requested that this Court issue a Temporary Restraining Order barring the Department of Defense from terminating the representation of the defendant AHMED GHAILANI on October 19, 2009 by Colonel Jeffrey Colwell and Major Richard Reiter and thereafter issue a Permanent Restraining Order barring the Department of Defense from removing the same officers as Counsel for Mr. Ghailani until their legal and ethical obligations to him are concluded.

Dated: New York, New York
       October 6, 2009

/Gregory Cooper