UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA, :

    - against -                            98 Cr. 1023 (LAK)

:

Hage, et al., includ.                    **DECLARATION**
AHMED KHALFAN GHAILANI,      **IN SUPPORT OF MOTION**

:

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Peter Enrique Quijano, Esq., pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalties of perjury:

I am counsel for the defendant AHMED KHALFAN GHAILANI in above-captioned matter, and I make this declaration in support of the various forms of relief, as set forth in the annexed Motion.

The statements asserted as facts are based upon my personal knowledge; my conferences with the defendant Ahmed Khalfan Ghailani; the examination of the classified and non-classified discovery material provided by the Government; and open-source material obtained as part of our pre-trial investigation. All matters about which your deponent lacks personal knowledge are asserted herein upon information and belief.

1.   The defendant AHMED KHALFAN GHAILANI is named in the above-captioned 308-count Indictment, which charges numerous counts arising out



of the August 7, 1998 bombings of the United States Embassies in East Africa, and other crimes. The original Indictment was filed in the Southern District of New York on September 21, 1998. Mr. Ghailani was added to the case via the Third Superseding Indictment, dated, December 16, 1998.

2.

3.

4.

5. ███████████████████████████

6. Upon information and belief, based upon a discussion with the defendant and a review of the discovery material and open-source material obtained as part of the pre-trial investigation, the defendant remained in the custody of the CIA ████████████████████ until or about September 6, 2006.

7. Upon information and belief, based upon a discussion with the defendant and a review of the discovery material, and a review of open-source material obtained as part of the pre-trial investigation including a transcript of a speech given by President Bush in September 2006, the defendant was kept in secret and held and questioned outside of the United States in a separate program operated by the CIA.

8. Upon information and belief, based upon consultation with military personnel, the term "Black Site" is used by the military and intelligence communities to refer to a site or location which is highly classified and not to be disclosed to

the public.

9. Upon information and belief, based upon a review of the classified discovery material, Mr Ghailani was subjected to conditions and interrogations which were part of a Government CIA Program ("the Program"), which utilized what have been euphemistically referred to as "Enhanced Interrogation Techniques."

10. 

11.

12. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 2004, the Department of Justice confirmed in writing to the CIA that CIA interrogators were authorized to use of the following ▓▓ "Enhanced Interrogation Techniques;" and that use of the following ▓▓ "Enhanced Interrogation Techniques" against Ahmed Khalfan Ghailani, outside the territory subject to United States jurisdiction; would not violate United States law or any treaty obligation of the United States against the use of torture and other cruel, inhuman, or degrading treatment or punishment:

13. 

14.

15.

16.

17.

18.

19. Upon information and belief, based upon my observations and interactions with Mr. Ghailani, as well as that of co-counsel, it is my lay opinion that he is so emotionally and psychologically damaged as a result of being subjected to the CIA Program, that he still manifests "learned helplessness" to the point that it affects his ability to assist in his defense.

20. Upon information and belief, based upon a discussion with the defendant, a review of the discovery material, and open-source material obtained as part of the pre-trial investigation, including a review of a transcript of a speech given by President George W. Bush in September 2006, the defendant was transferred to Guantanamo Bay, Cuba ("GTMO"), on or about September 6, 2006.

21. Upon information and belief, based upon a discussion with the defendant and a review of the discovery material and open-source material obtained as part of the pre-trial investigation, while detained at GTMO, the defendant was in the custody of and prosecuted by the Department of Defense Office of Military Commission ("Military Commission").

22. Upon Information and belief, based upon conversations with the defendant and the discovery material, and open-source material obtained as part of the pre-trial investigation, on or about October 2008, the Military Commission determined that it would not seek the death penalty. On or about May 29, 2009,

the Military Commission determined that, as to the defendant, it would withdraw and dismiss without prejudice all charges and specifications that had been pending before the Commission.

23. Upon information and belief, based upon a review of the docket sheet, the defendant was transferred from the custody of the Department of Defense Office of Military Commission to the custody of the Department of Justice; and physically transferred from Guantanamo Bay, Cuba to the Southern District of New York and the MCC - New York, on or about June 9, 2009.

24. The defendant was presented and arraigned on the instant Superseding Indictment before the Honorable Loretta Preska, U.S.D.J., in the Southern District of New York, on June 9, 2009.

25. Counsel estimates that at least ▮▮▮ have elapsed that are chargeable to the Government under the Speedy Trial Clause of the Sixth Amendment and Rule 48(b)(3) of the Federal Rules of Criminal Procedure, ▮▮▮ defendant into the custody of the United States, until June 9, 2009, the date that the defendant was arraigned on the instant Superseding Indictment.

Dated: New York, New York
November 16, 2009

Yours, etc.,

Peter Enrique Quijano