UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                    S10 98 Crim. 1023 (LAK)

AMHED KHALFAN GHAILANI,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        On May 20, 2010, the Court directed that defendant be subjected to a psychiatric examination, pursuant to 18 U.S.C. § 4247, in order to determine, among other things, his competency to stand trial. The circumstances leading to that order are plain from the opinions dated May 5[1] and June 14, 2010[2] and the transcript of the proceedings on May 18, 2010. They need not be set out in further detail here.

        The Court now has had the benefit of a report and live testimony of Katherine Porterfield, Ph.D., a clinical psychologist; the report of Gregory Brian Saathoff, M.D., a qualified psychiatrist; its own observations of the defendant on those occasions on which he has been before it; and at least one letter from the defendant to the Court. It has read also the classified reports of mental status examinations while the defendant was in the custody of the Central Intelligence Agency ("CIA") and the Department of Defense as well as other classified materials provided to it in connection with proceedings under the Classified Information Procedures Act. It notes also that neither the government nor the defendant has requested an evidentiary hearing under chapter 313 of the Criminal Code, 218 U.S.C. §§ 4241 *et seq.* Both in fact have indicated their view that no such hearing is required.[3]

---

[1] *United States v. Ghailani,* ___ F. Supp. 2d ___, No. S10 98 Crim. 1023 (LAK), 2010 WL 1816010 (S.D.N.Y. May 5, 2010).

[2] DI 962.

[3] Tr., June 24, 2010, at 2.

2

Based on the entire record, including its assessment of the persuasiveness and credibility of the sources before it, the Court makes the following findings of fact and conclusions of law.

1. The defendant is not presently suffering from any mental disease or defect, including any mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Without limiting the generality of the foregoing, the Court finds that Ghailani has not suffered, and is not suffering from, post-traumatic stress disorder.

2. The defendant is now, and at all relevant times has been, fully competent to waive such rights as he may have to be present in court in this case and to make any other decisions with respect to these proceedings.

3. The visual search procedure employed by the Bureau of Prisons ("BoP") to which the defendant has objected has not interfered, and is not likely to interfere, with his ability to assist properly in his defense.

4. There is credible evidence before the Court that suggests, and the Court finds, that the defendant has absented himself from proceedings in this case at least in part in an effort to frustrate this prosecution[4] rather than in consequence of any reaction, attributable to post-traumatic stress or other mental, emotional or psychological cause, to the BoP visual search procedure referred to in paragraph 3.

SO ORDERED.

Dated:   July 1, 2010

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[4] At the June 24 hearing, defense counsel expressed an intention to submit an affidavit concerning certain observations made by one of their number during Dr. Saathoff's psychiatric observation of the defendant and was directed to submit any such affidavit by June 30, 2010. No such affidavit has been submitted.

Report of Gregory Brian Saathoff, M.D., at 22 and materials referred to therein. (The cited portion of the report and the supporting materials on this point are classified.)