UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

AHMED GHAILANI,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------x

16-cv-04444 (LAK)
(98-cr-1023 (LAK))

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/2021

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Movant was convicted of conspiracy to bomb the U.S. embassies in Tanzania and Kenya in violation of 18 U.S.C. § 844(f), (n). In addition, the jury found that Ghailani's conduct directly or proximately caused death to a person other than a conspirator, allowing for a sentence enhancement under 18 U.S.C. § 844(f)(3). Ghailani was sentenced in 2011 to a term of life imprisonment. The conviction was affirmed in 2013. His section 2255 motion was denied in 2016, and the Court of Appeals denied a certificate of appealability in 2017.

      The background to the motion now before the Court began when Ghailani submitted three *pro se* motions containing the handwritten date June 23, 2020. The Court construed these motions as comprising: (1) a motion under "Rule 60(b)(4)(6) & (d)(3)," citing *Davis* and claiming an unspecified "jurisdictional defect issue" (Dkt. 2148, "Motion 1"); (2) a motion for an extension of time to amend Motion 1 under "Rule 15(a) or (c)" (Dkt. 2147, "Motion 2"); and (3) a motion for an extension of time to brief an additional argument, namely that the statute under which Ghailani was convicted is "[un]constitutionally vague" (Dkt. 2139, "Motion 3").[1]

      On August 29, 2020, the Court denied all three motions but granted Ghailani leave to supplement Motions 1 and 2 before September 23, 2020. (Dkt. No. 2152) Ghailani did not submit any supplemental papers by that date. Nonetheless, on December 3, 2020, the Court granted Ghailani leave until February 2, 2021 to clarify Motion 1 (Dkt. 2162) and reiterated its denial of Motion 3 (Dkt. 2163).

      Subsequently, the Court received a *pro se* motion from Ghailani containing the handwritten date January 27, 2021. (Dkt. 2168) In that motion, Ghailani claimed that he had not received the Court's prior orders and had "just recently" learned from his trial counsel that the Court

---

[1] Docket numbers refer to 98-cr-01023 unless otherwise noted.

had granted him a 60-day extension on December 3, 2020. (*Id.* at 4) Ghailani sought (1) reconsideration of the Court's December 3, 2020 order rejecting his argument under *Davis*, (2) a 30-day extension to "address this Rule 60 litigation," and in the alternative, (3) a certificate of appealability from the Court's December 3, 2020 order. (*Id.*)

On March 21, 2021, the Court denied that motion substantially for the reasons set forth in the Government's opposition. (Dkt. 2176) Relevant to the current motion, the government noted that there was no "reason to expect that additional efforts" by Ghailani "would be successful, given that *Davis* addresses the constitutionally of a statute that had no bearing on defendant's conviction." (Dkt. 2175) Accordingly, the Court did not extend the time for Ghailani to clarify or supplement his original motion.

On April 8, 2021, Ghailani filed a "motion and reply," which requested a 60-day extension of time to file a Rule 15(c)(2) motion to amend, supplement, and clarify his Rule 60 motion. (Dkt. 2179) He sought also a 60-day stay of his "Rule 60 litigation" and, in the alternative, a certificate of appealability from an unspecified order. (*Id.*) Ghailani claimed that he never received the Court's August or December 2020 orders, which had granted him additional time to clarify Motion 1. He argued also that an extension of time to submit such a clarification was warranted due to COVID-19.

On April 9, 2021, the Court denied this motion. (Dkt. 2181) The Court explained that Ghailani's "Rule 60 litigation" ended – at the latest – on March 21, 2020. (*Id.*) Accordingly, there was "no Rule 60 litigation to stay." (*Id.*) In addition, the Court denied the request for a certificate of appealability. (*Id.*)

Ghailani next filed the motions now before the Court. On May 19, 2021, Ghailani again moved for additional time to clarify Motion 1. (Dkt. 2182) This time, Ghailani requested an extension of time from the Court's August 2020 order, which originally allowed him until September 2020 to clarify the arguments in Motion 1. This request is based on litany of arguments.

First, Ghailani contends that the Court should allow additional time to clarify Motion 1 because he never received the Court's August and December 2020 orders. (*Id.* at 3) In support of this argument, he asks the Court to order the prison mailroom to establish that they provided him with these orders. (*Id.* at 5) In addition, Ghailani repeats his challenge under *Davis*. He claims that the Second Circuit's decision in *Mezer* (Case No. 18-1999 (2d Cir.)) demonstrated that *Davis* is applicable to his conviction. (*Id.*) Finally, he seeks to supplement Motion 1 to raise a still unspecified jurisdictional challenge. (*Id.* at 7) In the alternative, he seeks a certificate of appealability from the Court's August 29, 2020, December 3, 2020, and April 9, 2021 orders. (*Id.*)

On June 8, 2021, Ghailani filed also a copy of his BOP administrative complaint addressing the mailroom's failure to deliver the Court's orders and requests that it be considered in support of his May 19, 2021 motion. (Dkt. 2183) On June 16, 2021, the Court received an additional letter from Ghailani, which attached the BOP's response to his complaint and requested that this document also be considered as evidence in support of his motion. (Dkt. 2184).

## Discussion

Ghailani's May 19, 2021 motion for additional time to clarify Motion 1 is denied. The August 2020 order provided that Ghailani could clarify Motion 1 until September 2020. To the extent that Ghailani did not receive that order, he was not prejudiced by this failure because the Court's December 2020 order granted an extension of that deadline until February 2021. In addition, the Court already has denied Ghailani's motion to extend the February 2021 deadline twice. (Dkt. 2176; Dkt. 2181) Ghailani's attempt to seek an extension from the August 2020 deadline therefore fails. In any case, the Court would deny Ghailani's request for an extension of time for the same reasons it denied his requests to extend the February 2021 deadline.

In addition, even if Ghailani did not receive the December 2020 order, he acknowledges that he had notice of that order and filed a motion to extend the February 2, 2021 deadline on January 27, 2021. (Dkt. 2168) The Court denied that motion on March 2021 – thus bringing Ghailani's "Rule 60 litigation" to an end.[2] Accordingly, there is no "Rule 60 litigation" to stay or for which to grant an extension of time.

Critically, Ghailani's January 2021 motion was denied because – as the government noted – there was no "reason to expect that additional efforts" by Ghailani "would be successful, given that *Davis* addresses the constitutionally of a statute that had no bearing on defendant's conviction." (Dkt. 2175).

Ghailani's failure to receive the August and December 2020 orders is therefore immaterial to this motion. Accordingly, the Court will not order the mailroom to submit evidence on this issue. In addition, Ghailani does not currently raise any claim against BOP based on their purported failure to deliver the Court's orders, a claim that in any event would not properly be before this Court. Accordingly, Ghailani's June 8 and June 16 motions are denied.

To the extent that Ghailani seeks reconsideration of the Court's March or April 2021 orders, that motion is denied. First, a motion for reconsideration is properly considered only where the moving party's argument "might reasonably be expected to alter the conclusion reached by the court."[3] Ghailani does raise any new arguments or point to new evidence that was not already considered by the Court in its March or April 2021 orders. While Ghailani points to the Second Circuit's decision in *Mezer*, that case does not help him on this motion. First, *Mezer* granted leave only to file a successive 2255 motion. (Case No. 18-1999, Dkt. 95) In any case, *Mezer* involved a conviction under 18 U.S.C. § 924(c). (*Id.*) Ghailani was convicted of violating 18 U.S.C. § 844(f),

---

[2] Accordingly, contrary to Ghailani's assertion, the Court was not mistaken when it noted that the "Rule 60 litigation" ended in August. While the Court initially allowed Ghailani to clarify Motion 1, Ghailani's opportunity to do so has passed and the Court has not altered its August 2020 denial of Motion 1.

[3] *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

(n), with enhanced penalties under 18 U.S.C. § 844(f)(3). These statutes do not contain the language in section 924(c) that was at issue in *Davis* and *Mezer*. Accordingly, neither case has any bearing on Ghailani's conviction.

Ghailani claims also that he must be allowed to supplement and clarify the unspecified jurisdictional challenge mentioned in Motion 1 because jurisdictional issues can be raised at any time. But Ghailani has yet to tell the Court what this jurisdictional challenge is. If – as Ghailani contends – his jurisdictional claim may be raised at any time, he does not need the Court to grant his motion to raise this jurisdictional challenge. Accordingly, there currently is nothing for the Court to rule on with regard to this claim.

## *Conclusion*

For the forgoing reasons, Ghailani's motions [98-cr-01023, Dkt. 2182, 2183 2184; 16-cv-04444, Dkt. 31, 32] are denied. A certificate of appealability is denied and the Court certifies that any appeal would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). The Clerk shall mail a copy of this order via certified mail return receipt requested to the defendant and note the mailing on the docket sheet.

SO ORDERED.

Dated: June 23, 2021

_____
Lewis A. Kaplan
United States District Judge